# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>v.<br><br>PRIORITY BACKGROUND SOLUTIONS, INC.,<br><br>          Defendant. | Case No.: 24-cv-00337-SH<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, FOR ENTRY OF A LIMITED PROTECTIVE ORDER** |

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Motion for leave to proceed under a pseudonym, or in the alternative, for entry of a Protective Order.

## I.  INTRODUCTION

This Fair Credit Reporting Act ("FCRA")[1] case arises out of the sale of an inaccurate background check report that included an ***expunged*** criminal record. As alleged in the complaint, Defendant Priority Background Solutions, Inc. ("Priority Background" or "Defendant") sold a background check report containing the expunged criminal record to

---

[1] The FCRA is a federal statute that protects consumers from the exposure of private of inaccurate facts. *See* 15 U.S.C. § 1681(b) (emphasizing the need to protect the "confidentiality, accuracy, relevancy, and proper utilization" of information disclosed in consumer reports). The FCRA places the onus on consumer reporting agencies "to exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* § 1681(a)(4) ("[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.").

Plaintiff's prospective employer, Certified Source, and caused Plaintiff's job application to be denied.

Because this litigation will revolve around the accuracy of the background check report, the pleadings and other submissions will necessarily include discussion of the expunged criminal record, as well as the facts and circumstances surrounding the expungement. To protect Plaintiff from the dangers of unwarranted adverse consequences flowing from the public disclosure of his now-expunged criminal record, the Court should respectfully allow Plaintiff to proceed by pseudonym.

## II. FACTUAL BACKGROUND

On or around May 6, 2024, Plaintiff applied to work for Certified Source. *See* Dkt. No. 2, the "Complaint," at ¶ 45. Certified Source told Plaintiff they had available about three opportunities that would be a good fit for Plaintiff. *Id*. at ¶ 46. On May 6, 2024, Certified Source ordered a background check from Defendant. *Id*. at ¶ 49. Defendant sold a background check to Certified Source that contained an inaccurate and stigmatizing *expunged* criminal record. *Id*. at ¶¶ 50-51. After Certified Source received the background check, Plaintiff was notified by Certified Source that they were unable to place him in any of the available positions due to his criminal record. *Id*. at ¶ 58. In other words, Plaintiff has unfairly suffered a direct, adverse action based on Defendant's publication of his expunged record.

Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, Certified Source formed a negative opinion about Plaintiff and/or moved on to other candidates. *Id*. at ¶ 64.

Plaintiff now brings this action to vindicate his rights under the FCRA, 15 U.S.C. §§ 1681, *et seq.*, to ensure that his criminal background is accurately reflected on any future background check reports sold by Defendant, and to protect against the risk that his expunged record may proliferate, resulting in more expansive adverse action in the employment and other contexts.

### III.  LEGAL STANDARDS

As a general matter, a complaint must state the name of all parties. FED. R. CIV. P. 10(a). However, Tenth Circuit courts have the discretion to allow a plaintiff to proceed under a pseudonym: "upon a request to proceed anonymously, a court may permit a plaintiff to proceed using a fictious name in limited circumstances" *Doe No. 1 v. Kingfisher Indep. Sch. Dist. No. 7*, No. CIV-22-089-G, 2023 U.S. Dist. LEXIS 83266, at *3 (W.D. Okla. May 11, 2023) (internal citations omitted). *See also*, *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 U.S. Dist. LEXIS 122143 (N.D. Okla. July 17, 2023).

To determine whether a plaintiff may proceed anonymously, the court may use "informed discretion" to weigh a plaintiff's right to privacy against the countervailing public interest in disclosure. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Further, the need for anonymity must outweigh the public interest in favor of openness. *Id*. Circumstances that warrant anonymity exist when, in "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or **where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity**." *Femedeer*, 227 F.3d at 1246 (emphasis added).

In addition, the Federal Rules of Civil Procedure permit courts to "issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense". FED. R. CIV. P. 26(c). "If a court grants permission [to proceed pseudonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

A careful balancing demonstrates that Plaintiff's interest in keeping his identity private far outweighs the public's interest in open judicial proceedings.

## IV. ARGUMENT

### A. Pseudonymous Litigation is Appropriate and Necessary to Prevent the Injury Litigated Against Being Incurred to Plaintiff.

This litigation will revolve around the accuracy of the background check report. Accordingly, the pleadings and other submissions will necessarily include discission of the expunged criminal records, as well as the facts and circumstances surrounding the expungement. There is no question that Plaintiff will suffer further harm if his name is attached to this lawsuit. In fact, the injury litigated against is exactly what would be incurred if Plaintiff must disclose his identity. This is one of the precise circumstances that the Tenth Circuit states pseudonymous litigation is appropriate for. *See*, *Femedeer*, 227 F.3d at 1246.

By design, the information reported by Defendant is not a matter of public record. In Oklahoma, expungement of a criminal record is governed by 22 OK Stat. § 22-18 (2021). The primary purpose of expungement in Oklahoma is to remove the criminal charge from

the public record to provide individuals with new opportunities in life, such as jobs and housing. The public filing of this case will breathe new life into charges that have already been expunged (and thus removed from the public record) and that have already adversely affected Plaintiff's livelihood (by causing the loss of employment). Therefore, Plaintiff is left to decide if he wishes to exercise his rights under the FCRA and forego the protections afforded to him by Oklahoma law or forgo his rights altogether and protect his identity. Requiring Plaintiff to forego the protection of anonymity in order to exercise his rights under federal law would subject Plaintiff to the very stigma and ostracism expungement is intended to avoid, for no purpose.

 Furthermore, because of the unrestricted freedom of public information made possible by the internet, should the Court deny a victim of inaccurate background check reporting the protection of anonymity in pursuing vindication of rights under the FCRA, future consumers with meritorious FCRA claims will be chilled from bringing those claims. Without anonymity, Plaintiff and other consumers will be placed in a quintessential Catch-22: if they attach their name to a lawsuit, their name and full background will become a matter of public record, once again, and despite their efforts to seek expungement of their criminal history. If Plaintiff does not proceed anonymously, he will be forced to abandon his privacy rights under the FCRA, and Defendant and other background check companies are likely to continue publishing Plaintiff's expunged criminal record in background check reports causing Plaintiff further harm. Neither position is tenable.

 Pseudonymous litigation is therefore both appropriate and necessary to protect Plaintiff's privacy and future employment prospects.

### B. Because Plaintiff Will Disclose His Identity To Defendant, Defendant Will Not Be Prejudiced By An Anonymous Caption.

Plaintiff fully intends to disclose his identity to Defendant and to provide the identifying information needed to locate Plaintiff's consumer file and background reports. Thus, from Defendant's perspective, the instant motion concerns a ministerial aspect of the case, namely, the caption. Defendant will be able to fully and fairly litigate this case irrespective of whether or not Plaintiff's name is publicly disclosed in the caption. This is in line with the Tenth Circuit's requirement for pseudonymous litigation outlined in *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. July 10, 2001).

Plaintiff's individual identity is largely irrelevant to the core legal questions likely to arise in this case, all of which revolve around Defendant's policies and procedures concerning the storage, publication, and dissemination of criminal record data for cases that has been set aside, sealed, or expunged. Defendant can readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. This too weighs in favor in allowing Plaintiff to proceed under a pseudonym.

### C. The Public Interest Is Tempered By The Public's Conflicting Interest In Allowing Litigants To Vindicate Their Rights.

An order denying leave to proceed anonymously in this case would have a chilling effect on any consumer's ability to vindicate his or her rights where expunged criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. *Cf. United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (fact of child pornographer's conviction was already public

record so felon's interest in concealing identity did not outweigh public interest in open records). Thus, the usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing.

There is nothing about Plaintiff's identity or status which elevates the public interest in this case. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required to disclose information of a "highly sensitive nature" creating a public record wherein uninterested parties would have access to a criminal record that has been expunged and wiped from public consciousness by operation of Oklahoma law. *Femedeer*, 227 F.3d at 1246.

Plaintiff's efforts to hold Defendant accountable for falsely associating him with the expunged criminal record will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym, Plaintiff's lawsuit would be the equivalent of attaching a bullhorn to Defendant's falsity that was previously in limited, though injurious, circulation. Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between: 1) maintaining the clear judicial record wherein no publicly available information links him to the expunged criminal record; or 2) prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that his interest in preserving privacy in a matter of "highly sensitive nature" is more than sufficient to outweigh the generic public interest in available information. *See*, *Drummond*, 2023 U.S. Dist. LEXIS 122143.

D. **In the Alternative, Plaintiff Moves the Court for Entry of a Limited Protective Order**.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid public disclosure of the details alleged in his complaint so as to avoid making his statutorily sealed record public. Plaintiff incorporates all of the arguments set forth above in support of his motion to proceed pseudonymously herein as supportive of a finding of "good cause" for the entry of a protective order.

Thus, in the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests that the Court enter a limited protective order (the exact language of which can be fleshed out with the input of all parties) which would require either (1) any reference to his true identity or identifying information, or (2) descriptions and references to the underlying facts of the case, inclusive of the sealed civil records, to be filed under seal. *See e.g., Doe v. Rentgrow*, Inc., 2023 U.S. Dist. LEXIS 114786, *5 ("The plaintiff will not be allowed to proceed anonymously but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed in open court.").

V. **CONCLUSION**

Plaintiff's interest in protecting his identity outweighs the public's interest in knowing Plaintiff's identity. Accordingly, Plaintiff respectfully asks this Court to enter an order permitting him to proceed under a pseudonym, wherein all references to Plaintiff in

pleadings, motions, exhibits, or otherwise shall identify him as "John Doe" or be redacted as necessary to protect his identity.

Date: July 18, 2024

*/s/ Ryan D. Peterson*
Ryan D. Peterson (MN #0389607)
CONSUMER ATTORNEYS
6600 France Avenue, Suite 602
Edina, Minnesota 55435
E: rpeterson@consumerattorneys.com
T: (651) 315-7656
F: (718) 715-1750

Haley L. Simmoneau (OK #30253)
*Local Counsel for Plaintiff*
Athena Legal Group PLLC
PO Box 1364
Mustang, OK 73064
T: 405-212-3945
F: 888-805-3545
E: Haley@athenalegalteam.com

*Attorneys for Plaintiff,*
*John Doe*