IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN DOE,

         **Plaintiff,**

v.

PRIORITY BACKGROUND
SOLUTIONS, INC.,

         **Defendant.**

Case No. 24-CV-337-JFH-SH

## OPINION AND ORDER

Before the Court is a motion for leave to proceed under pseudonym or, in the alternative, for entry of a limited protective order ("Motion") filed by Plaintiff John Doe ("Plaintiff").[1] Dkt. No. 3. Defendant Priority Background Solutions, Inc. ("Defendant") has not filed a response to Plaintiff's Motion. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

On July 18, 2024, Plaintiff filed a complaint under the Fair Credit Reporting Act ("FCRA") thereby initiating this action. Dkt. No. 2. In the complaint, Plaintiff alleges that Defendant sold a background check report to Plaintiff's prospective employer which wrongfully contained information regarding Plaintiff's expunged criminal record. *Id*. After receiving the report from Defendant, Plaintiff's prospective employer denied Plaintiff's application and informed Plaintiff that he was not offered the job because of the reported criminal record. *Id*. at 10. Plaintiff now brings this lawsuit seeking damages for Defendant's failure to follow reasonable procedures to assure maximum possible accuracy in reporting as required by the FCRA. *Id*. at 12.

---

[1] After the filing of the Motion, the parties entered into a Stipulated Protective Order. Dkt. No. 18.

Plaintiff requests to proceed in this matter under a pseudonym. Dkt. No. 3 at 1. In support of this request, Plaintiff urges that because the litigation revolves around the accuracy of the background check report, pleadings and other filings in the case will necessarily include discussion of Plaintiff's expunged criminal record. *Id*. at 2. As this action arises from the wrongful public disclosure of Plaintiff's expunged criminal record, it follows that Plaintiff should be protected from any further public disclosure by way of this litigation. *Id.*

## AUTHORITY AND ANALYSIS

### I. Legal Standard

"Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). "Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Id.* (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). A party seeking to litigate anonymously or pseudonymously must petition the Court for permission to do so. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). "If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *Id.*

Two Federal Rules of Civil Procedure are relevant here. Rule 10 requires all pleadings contain the names of the parties, while Rule 17 requires actions to be prosecuted in the name of their real parties in interest. Fed. R. Civ. P. 10 & 17. In general, "[t]he Rules provide no exception that allows parties to proceed anonymously or under fictitious names such as initials." *Yocom*, 257 F.3d at 1172.

Notwithstanding these Rules, the Tenth Circuit has "recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings."

*Femedeer*, 227 F.3d at 1246. The decision whether to allow litigation by pseudonym is left to the Court's discretion. *Zavaras*, 139 F.3d at 802. "[T]here is no legal right in parties either to be allowed anonymity or to avoid it, and [] trial courts correspondingly have no unreviewable license either to grant or deny anonymity on general principles, but power only to grant or deny it on the basis of an informed discretion." *Id.* at 803 (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993)).

## II. Exceptional Circumstances

Exceptional circumstances warranting use of pseudonyms may involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Here, the injury litigated against—the disclosure of Plaintiff's expunged criminal record—would be incurred as a result of the disclosure of Plaintiff's identity in the litigation. As this exact scenario is recognized in *Femedeer*, the Court finds that exceptional circumstances exist weighing in favor of allowing Plaintiff to proceed under a pseudonym.

## III. Prejudice to Defendant

The risk of prejudice to opposing parties in allowing pseudonymous litigation is lessened if opposing parties are aware of a plaintiff's true identity. *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) ("Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity."); *Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (where the case depended on "resolution of a legal question" more than "plaintiff's credibility or

recitation of facts," "the inconvenience to defendants should be relatively low" because pseudonymous plaintiff would "make himself known to the court and counsel to the defense").

Plaintiff indicates that he "fully intends to disclose his identity to Defendant and to provide the identifying information needed to locate Plaintiff's consumer file and background reports." Dkt. No. 3 at 6.  Further, the Court finds that this case involves legal issues more so than credibility issues, making Plaintiff's identity less relevant.  It is also noted that Defendant did not file a response to the Motion identifying any prejudice.  For these reasons, the Court concludes that the risk of prejudice to Defendant is low.  The Court will order Plaintiff provide his legal name to defense counsel and the Court under seal.  *See Yocom*, 257 F.3d at 1172.

**IV.    Public Interest**

The Court must next "weigh the public interest in determining whether some form of anonymity is warranted."  *Femedeer*, 227 F.3d at 1246 (citing *Zavaras*, 139 F.3d at 802-03). Public interest has outweighed privacy concerns where a plaintiff attacked "the constitutionality of popularly enacted legislation," *Roe v. Heil*, No. 11-CV-01983-WJM-KLM, 2011 WL 3924962, at *2 (D. Colo. Sept. 7, 2011) (citing *Femedeer*, 227 F.3d at 1246-47), or where identifying information about a party seeking to proceed pseudonymously was already in the public record, *see, e.g., Raiser*, 182 Fed. App'x at 811-12 (describing that, where a plaintiff's name was already in the public domain in connection with litigation, allowing pseudonymous litigation would be "equivalent to asking us to put jack back in the box"); *Fowler v. Stitt*, No. 22-CV-115-JWB-MTS, Dkt. No. 37 (N.D. Okla. Oct. 11, 2022).  "[A] decision to allow or to deny parties to proceed anonymously must be based upon informed discretion, after taking all relevant factors into consideration." *Zavaras*, 139 F.3d at 803.

4

Here, the Court must weigh public interest against Plaintiff's individual privacy interest. As Plaintiff points out, however, under the circumstances, public interest is likely aligned with Plaintiff's individual privacy interest. As discussed previously, the injury at issue in this case—the disclosure of Plaintiff's expunged criminal record—would be incurred as a result of requiring Plaintiff to publicly disclose his identity in the litigation. This would likely have a chilling effect on others who wish to hold consumer reporting agencies responsible for wrongful disclosure of information for fear that the information would be even more broadly disclosed as a result of the litigation itself. Following a review of all relevant factors, and in exercise of its discretion, the Court finds that Plaintiff should be permitted to proceed under a pseudonym in this matter.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed under pseudonym [Dkt. No. 3] is GRANTED.

IT IS FURTHER ORDERED that within seven (7) days of the entry of this order, Plaintiff shall file a notice under seal disclosing his legal name to the Court and defense counsel of record.

DATED this 24th day of October 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE